IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00519-DME-CBS

EUGENE H. MATHISON,
            Plaintiff,
v.

UNITED STATES OF AMERICA,
FIVE JOHN/JANE DOES, and
FEDERAL BUREAU OF PRISONS,
            Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

       This civil action comes before the court on Plaintiff Mr. Mathison's "Motion for

Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a) or a Declaratory Judgment Pursuant to

28 U.S.C. § 2201" (filed May 18, 2010) (doc. # 15).  Pursuant to the Order of Reference dated

May 4, 2010 (doc. # 12) and the memorandum dated May 18, 2010 (doc. # 17), this matter was

referred to the Magistrate Judge.  The court has carefully considered Mr. Mathison's Motion, the

pleadings, the entire case file, and the applicable law, and is sufficiently advised in the premises.[1]


I.       Statement of the Case

       Mr. Mathison is currently incarcerated at the Federal Prison Camp, Florence, Colorado.

Proceeding *pro se*, Mr. Mathison filed his original Complaint on March 5, 2010 (doc. # 3) and an

Amended Complaint on March 16, 2010 (doc. # 5), alleging that Defendants have failed to

provide adequate medical care for his skin cancer and his dry eye syndrome (*Id.*). Mr. Mathison

_____

       [1]        Defendants have not filed any response to Mr. Mathison's Motion.

seeks preliminary injunctive or declaratory relief only as to his second claim regarding his dry-eye condition.

Mr. Mathison reported problems with his eyes on January 19, 2007. (*See* Attachment to Am. Compl. (doc. # 5) p. 16 of 35, ¶ 24). From March 2007 to August 2008, Mr. Mathison was prescribed and used Teargen. (*Id*. ¶ 25). On August 8, 2008, Steven Clough, O.D., recommended Visine-A because Teargen was ineffective. (*Id.*) Dr. Clough saw Mr. Mathison again on April 22, 2009 and recommended Restasis as more "likely to resolve Plaintiff's serious dry-eye problem." (*Id.* ¶ 26). A Bureau of Prisons ("BOP") pharmacist denied the prescription for Restasis and approved an alternative medication. (*Id.* ¶ 26). Prison staff submitted a "Non-Formulary Drug Authorization" for Restasis on May 27, 2009 which was denied. (Answer (doc. # 27) ¶ 26). Prison medical staff also submitted a "Non-Formulary Drug Authorization" for Celluvisc on May 28, 2009, which was denied on June 29, 2009. (*Id.*) The prison medical staff urged Mr. Mathison to use over-the-counter eye drops instead. (*Id.*) Mr. Mathison appealed the denials and on October 19, 2009, the BOP North Central Regional Office issued a final denial notification. (*Id.* ¶ 29).

Mr. Mathison asserts that his dry eye syndrome is so extreme that "sometimes for seconds he can't even open one or both eyes . . . ." (Attach. to Am. Compl. (doc. # 5) at p. 17 of 35, ¶ 27.) He alleges that he cannot "walk the track or use a treadmill" because "he has to shut his eyes to do so and then he gets vertigo" and that he is subjected to questions from other prisoners about his repeated blinking. (*Id.* ¶ 28). Mr. Mathison asks this court to issue a preliminary injunction or declaratory judgment ordering Defendants provide Restasis or a generic equivalent immediately "or in the alternative $250,000 in damages against the John/Jane Doe Defendants." (Mot. for Prelim. Inj. or Declaratory J. (doc. # 15) at pp. 2-3 of 3).

II.     Analysis

The standard for a preliminary injunction is well established:

> To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest.

*Gen. Motors Corp. V. Urban Gorilla, LLC,* 500 F.3d 1222, 1226 (10th Cir. 2007).  Injunctions

that would disturb rather than preserve the status quo are "specifically disfavored." *O Centro*

*Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).  "A

heightened burden [of showing the four factors listed above] applies to preliminary injunctions

that (1) disturb the status quo, (2) are mandatory as opposed to prohibitory, or (3) provide the

movant substantially all the relief he may recover after a full trial on the merits." *Kikimura v.*

*Hurley*, 242 F.3d 950, 955 (10th Cir. 2001) (citation omitted). "A party seeking such an

injunction must make a strong showing both with regard to the likelihood of success on the

merits and with regard to the balance of harms." *Schrier v. Univ. of Colo.,* 427 F.3d 1253, 1261

(10th Cir. 2005).  Mr. Mathison seeks such an injunction because to provide Restasis or

$250,000 in damages disturbs the status quo and provides substantially all the relief he may

recover after a full trial on the merits.

First, Mr. Mathison must show a substantial likelihood of success on the merits. *See Id.* at

1258.  The Motion for Preliminary Injunction or Declaratory Judgment is based on Mr.

Mathison's claim that his Eighth Amendment rights to be free from deliberate indifference to

pain and suffering have been violated by the Defendants. (Mot. for Prelim. Injunc. or a

Declaratory J. (doc. # 15).) To succeed on an Eighth Amendment deliberate indifference claim, a

plaintiff must show that the prison official knew that the inmate faced "a substantial risk of

serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it."
*Farmer v. Brennan*, 511 U.S. 825, 847 (1994). A mere disagreement with medical treatment does not rise to the level of a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (noting that medical decision to forego one form of treatment may be negligence but is not a constitutional violation). *See also Olson v. Stotts,* 9 F.3d 1475, 1477 (10th Cir. 1993) ("[a] difference of opinion does not support a claim of cruel and unusual punishment"); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) (the Constitution does not guarantee a prisoner the treatment of his choice) (citations omitted); *Sanchez v. Vild*, 891 F.2d 249, 242 (9th Cir. 1989) (difference of medical opinion as to treatment of prisoner did not establish a constitutional violation); *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (difference of opinion between inmate and prison medical staff regarding treatment or diagnosis does not itself state a constitutional violation); *Henderson v. Secretary of Corrections*, 518 F.2d 694, 695 (10th Cir. 1975) ("The prisoner's right is to medical care – not to the type or scope of medical care which he personally desires.") (internal quotation marks and citation omitted).  Mr. Mathison alleges that Dr. Clough prescribed Restasis while Dr. James Pelton, M.D., R.M.D., at the Central Office, has denied Restasis and instead recommended other over-the-counter remedies. (Mot. For Prelim. Inj. or a Declaratory J. (doc. # 15)).  This mere disagreement of medical opinion does not create an Eighth Amendment deliberate indifference claim.  *See Olson,* 9 F.2d at 1477.  It only raises questions of medical judgment.

Second, Mr. Mathison must show irreparable harm if his request for a preliminary injunction is denied.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Schrier*, 427 F.3d at 1267 (citing *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003)).  "'Merely serious or substantial' harm is not irreparable harm." *Id.*

(Citing *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001)).

Mr. Mathison has not demonstrated that the discomfort he experiences rises to the level of

irreparable harm. In fact, Mr. Mathison suggests that his discomfort is not irreparable by

requesting $250,000 in damages in lieu of Restasis. An injury is irreparable only when money

damages would provide an inadequate remedy. *See Dominion Video Satellite, Inc. v. Echostar*

*Satellite Corp.*, 269 F.3d 1149, 1156 (10th Cir. 2001) ("A plaintiff suffers irreparable injury

when the court would be unable to grant an effective monetary remedy after a full trial because

such damages would be inadequate or difficult to ascertain.") (citation omitted); *Kikumura*, 242

F.3d at 963 ("A plaintiff suffers irreparable injury when the court would be unable to grant an

effective monetary remedy after a full trial because such damages would be inadequate or

difficult to ascertain.") (citation omitted); *Tri-State Generation and Transmission Association,*

*Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 355 (10th Cir. 1986) ("Injury is generally not

irreparable if compensatory relief would be adequate.") (citation omitted). Further, Mr. Mathison

filed his Motion on May 18, 2010, alleging denial of Restasis since April of 2009, "more than

one year ago." (Mot. for Prelim. Inj. or Declaratory J. (doc. # 15) at p. 1 of 3). This length of

time does not support Mr. Mathison's allegation of immediate and irreparable injury.

Third and fourth, Mr. Mathison must show that "'the threatened injury. . . outweighs

whatever damage the proposed injunction may cause the opposing party' and that 'the

injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258.

Mr. Mathison has not addressed or demonstrated these prongs of the preliminary injunction test

and has therefore failed to meet his burden regarding these elements.

As Mr. Mathison has failed to satisfy the four prerequisites for preliminary injunctive or

declaratory relief,

IT IS RECOMMENDED that his "Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a) or a Declaratory Judgment Pursuant to 28 U.S.C. § 2201" (filed May 18, 2010) (doc. # 15) be DENIED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d

1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to

appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).


     Dated at Denver, Colorado on this 5th day of August, 2010.


                          BY THE COURT:


                           s/Craig B. Shaffer
                          United States Magistrate Judge