IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00519-DME-CBS

EUGENE H. MATHISON,

        Plaintiff,

v.

UNITED STATES OF AMERICA,
FIVE JOHN/JANE DOES, and
FEDERAL BUREAU OF PRISONS,

        Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
PURSUANT TO FED. R. CIV. P. 65(A) OR A DECLARATORY JUDGMENT
PURSUANT TO 28 U.S.C. § 2201**

---

This matter comes before the Court on Magistrate Judge Shaffer's Recommendation [Doc. No. 32] that this Court deny Plaintiff's Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a) or a Declaratory Judgment Pursuant to 28 U.S.C. § 2201 [Doc. No. 15]. Plaintiff filed timely Objections to Magistrate Shaffer's Recommendation to Deny Preliminary Injunction [Doc. No. 33]. Reviewing the Recommendation de novo in light of those objections, 28 U.S.C. § 636(b)(1)(C), the Court adopts the recommended disposition and denies the Plaintiff's Motion.

### I. Background

Plaintiff Eugene Mathison, incarcerated at the Federal Prison Camp, Florence, Colorado, alleges that the defendants have failed to provide him adequate medical care for his dry eye syndrome. Mr. Mathison began reporting a dry eye problem on January 19, 2007. Mr. Mathison was prescribed and used Teargen in an attempt to treat the problem until August of 2008. Then,

on August 8, 2008, Dr. Steven Clough, O.D., recommended Visine-A because Teargen was ineffective for Mr. Mathison. Dr. Clough saw Mr. Mathison again on April 22, 2009, and this time recommended Restasis as more likely to resolve Mr. Mathison's problem. Since May of 2010, Dr. Clough has also suggested that Celluvisc or Sustain could be used to treat Mr. Mathison.

A Bureau of Prisons (BOP) pharmacist denied the prescription for Restasis but approved an alternate medication. Prison staff submitted a "Non-Formulary Drug Authorization" in an attempt to get Restasis for Mr. Mathison, but it was denied. Then, prison staff submitted another Non-Formulary Drug Authorization, this time for Celluvisc. But it too was denied. So the prison staff urged Mr. Mathison to use over-the-counter eye drops instead. Mr. Mathison administratively appealed the denials for Restasis and Celluvisc, but the BOP North Central Regional Office issued a final denial notification.

Mr. Mathison asserts that his dry eye syndrome is so extreme that "it threatens [his] health, life and wellbeing." (Objections at 3.) He alleges that he cannot "walk the track or use a treadmill [because] he has to shut his eyes to do so and then he gets vertigo." (Id.) "As a consequence, he has not been able to walk the track for more than a year and due to his history of blood clots in his legs and pulmonary embolism, he needs desperately to walk." (Id.)

Mr. Mathison filed a complaint against the defendants alleging that his Eighth Amendment rights have been violated [Doc. 3]. Then, Mr. Mathison moved for a preliminary injunction ordering defendants to provide him Restasis, Celluvisc, or Sustain [Doc. 15].

## II. Analysis

"To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, LLC, 500 F.3d 1222, 1226 (10th Cir. 2007). Generally, "a preliminary injunction is an extraordinary remedy; it is the exception rather than the rule." GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984). Further, when a preliminary injunction would alter the status quo, such as the injunction sought by Mr. Mathison, the movant bears a heightened burden and "must make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." O Centro Espirita Beneficente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 976 (10th Cir. 2004) (en banc) (per curiam), aff'd, 546 U.S. 418 (2006).

While this Court does not doubt the sincerity of Mr. Mathison's assertion that he suffers from the alleged dry eye condition and understands that he is not satisfied with the treatment he is receiving, he has made no showing of a substantial likelihood of success on the merits. (Recommendation at 2–3.) To succeed on an Eighth Amendment deliberate indifference claim, a plaintiff must show that the prison official knew that the inmate faced a "substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). "The prisoner's right is to medical care—not to the type or scope of medical care which he personally desires." Coppinger v. Townsend, 398 F.2d 392, 394 (10th Cir. 1968). And a mere disagreement with medical treatment does not rise

to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 107 (1976); see also Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975) (per curiam) (holding that the denial of corrective shoes prescribed to a prisoner did not amount to a constitutional violation).

Here Mr. Mathison claims that he has been denied the medication that Dr. Clough prescribed and has been "offered no effective alternative." (Objection at 2.) But Mr. Mathison has been offered an alternative, over-the-counter eye drops, and his disagreement goes to the type and scope of medical care that he personally desires. (Compl. 17.) This Court agrees with the Magistrate Judge that Mr. Mathison's disagreement does not rise to an Eighth Amendment deliberate indifference claim, let alone show a substantial likelihood of success on the merits of that claim.

This Court also agrees with the Magistrate Judge's conclusion, though on different grounds, that Mr. Mathison has failed to show that if preliminary relief is denied, then immediate and irreparable injury will result. (Recommendation at 5.) An injury is irreparable only when monetary damages would provide an inadequate remedy. Dominion Video Satellite, Inc. v. EchoStar Satellite Corp., 269 F.3d 1149, 1156 (10th Cir. 2001). Plaintiffs seeking preliminary relief are requried to demonstrate "that irreparable injury is likely in the absence of an injunction," not merely speculative. Winter v. Nat. Res. Def. Council, Inc., 129 S. Ct. 365, 375 (2008).

Mr. Mathison alleges that "this problem is such that it threatens [his] health, life and wellbeing." (Objection at 3.) Mr. Mathison explains that inadequate treatment for his dry eye syndrome has resulted in his inability to exercise. (Id.) And that inability to exercise

4

exacerbates his history of blood clots, which have previously resulted in a pulmonary embolism. (Id.)

The Magistrate Judge concluded that "Mr. Mathison suggests that his discomfort is not irreparable by requesting $250,000 in lieu of Restasis." (Recommendation at 5.) But because Mr. Mathison proceeds in this action pro se, this Court holds his pleadings to a "less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Therefore, this Court can not conclude that Mr. Mathison meant to suggest that his injury is irreparable based only on his alternative pleading of monetary damages.

But this Court still reaches the same conclusion as the Magistrate Judge because the injury that Mr. Mathison complains of is speculative. Other than Mr. Mathison's fear, there is no evidence that blood clots or a pulmonary embolism will result from the denial of preliminary relief. This Court can not find that such a speculative injury amounts to an immediate and irreparable harm.

Concerning the third and fourth elements of the preliminary injunction standard, this Court agrees with the conclusion of the Magistrate Judge: Mr. Mathison has made no showing. Mr. Mathison has not addressed in his Motion or in his Objections whether the threatened injury outweighs the harm that the preliminary injunction may cause or whether the injunction, if issued, will not adversely affect the public interest.

Because Mr. Mathison has failed to satisfy the elements required for preliminary relief, denial of his Motion is appropriate.

### III. Conclusion

The Court hereby orders that Plaintiff's Motion for Preliminary Injunction Pursuant to Fed. R. Civ. P. 65(a) or a Declaratory Judgment Pursuant to 28 U.S.C. § 2201 be DENIED.

Dated this ⎯⎯7th⎯⎯ day of ⎯⎯⎯September⎯⎯⎯, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE